# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT CARTWRIGHT, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOUSING SPECIALISTS INC. <br><br> Defendant. | Civil Action No.: <br><br><br><br><br><br> **JURY TRIAL DEMAND** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) OF THE FLSA** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Robert Cartwright, individually and on behalf of all other similarly situated current and former employees of Defendant, brings this Collective Action Complaint against Housing Specialists Inc. and alleges as follows:

## I.

## OVERVIEW

1.    Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, liquidated damages, attorney fees, costs and interest under §16(b) of the FLSA. Plaintiff brings these claims individually and as a collective action on behalf of all similarly situated current or former workers employed by Defendant within the three (3) years preceding the date this

Complaint was filed to the present who worked in excess of forty (40) hours in a work week and who were not paid overtime.

## II.

## PARTIES

2.    Plaintiff Robert Cartwright, is a major individual, domiciled in the City of Monroe, County of Monroe, State of Michigan while employed by Defendant and now domiciled in the State of Florida.  Plaintiff was been employed by Defendant as a mobile home installer from approximately November 2019 to November 2022.  Pursuant to 29 U.S.C. §216(b), Plaintiff has consented in writing to join this action.  See attached Exhibit "A."

3.    Defendant, Housing Specialists Inc. is a domestic corporation, licensed to do and doing business within the State of Michigan, with its principal place of business located at 30783 Adams Dr., Gibraltar, Michigan.  Defendant can be served through its registered agent, Joe Gilstorf at the same location.

## III.

## JURISDICTION AND VENUE

4.    This Court is vested with subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA.   Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Eastern District of Michigan.

5.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(1) as Defendant is domiciled in, and a substantial part of the events giving rise to Plaintiff's claims occurred, within this judicial district.

## IV.

## COVERAGE UNDER THE FLSA

6.     Defendant is in the business of providing on site delivery and set up of mobile homes in the State of Michigan and employs Plaintiff, and similarly situated employees, for this purpose.

7.     Defendant has annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. §203(s)(1)(A)(ii).

8.     Plaintiff is an "employee" of Defendant within the meaning of the FLSA and was engaged in interstate commerce as defined by 29 U.S.C. §206(a) and §207(a)(1).

9.     Defendant is a covered employer as defined by 29 U.S.C. §203(d).

10.     Defendant has employed two or more persons, including Plaintiff, and was "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that had been moved and/or produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A)(i).

11.     Defendant's employees are subject to the provisions of the FLSA, 29 U.S.C. §206.

3

## V.

## <u>FACTS</u>

12.     Defendant delivers and installs mobile homes in the State of Michigan.

13.     Plaintiff was employed by Defendant as a manual laborer whose duties included delivery of mobile homes, cement work, home setting and carpentry, as part of Defendant's business operations.

14.     Defendant employed numerous other individuals as laborers, each of whom performed substantially similar job duties and functions as Plaintiff.

15.     Plaintiff and all similarly situated employees were paid by the hour.

16.     Plaintiff and all similarly situated employees were paid their straight hourly rate for all hours worked and were not paid overtime.

17.     The job duties performed by Plaintiff and all similarly situated employees do not qualify for any exemption from the overtime requirements of the FLSA.

18.     Plaintiff and all similarly situated employees each regularly worked more than forty (40) hours per work week.  Plaintiff often worked fifty (50) or more hours in a work week.

19.     Plaintiff and other similarly situated employees were not paid overtime at the rate of 150% of their regular hour rate of pay as required by §207.

20.     Defendant was aware, or should have known, that Plaintiff and all similarly situated employees worked over forty (40) hours per week Defendant was required to pay overtime.

21.     Plaintiff and all similarly situated employees are entitled to overtime pay for all hours worked over forty (40) in a workweek.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §216(b), Plaintiff brings a collective action on behalf of himself and all similarly situated employees, defined as follows:

> All hourly workers employed by Housing Specialists Inc. at any time within the three (3) years prior to the filing of this Complaint to the present who were not paid overtime for all hours worked over forty (40) in a work week. (Collective Members)

23.     As set forth above, during the applicable statutory period, Plaintiff and the Collective Members routinely worked in excess of forty (40) hours in a work week and did not receive overtime compensation.

24.     Plaintiff complained to Defendant that he and the Collective Members were entitled to and requested payment of overtime but these requests were denied by Defendant.

25.     Defendant willfully engaged in a pattern and practice of violating the FLSA by knowingly failing to pay its hourly workers overtime compensation.  Defendant's conduct thus constitutes a willful violation of the FLSA in accordance with 29 U.S.C. §255.

26.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Members for overtime.

27.     Plaintiff and the Collective Members are "similarly situated" pursuant to 29 U.S.C. §216(b) because all such individuals work or have worked pursuant to Defendant's

above-described payroll policy and practices, performing the same or nearly identical job duties, and all have been uniformly denied overtime in violation of the FLSA.

28.     The Collective Members are readily identifiable through Defendant's records and may therefore be easily notified of this action through direct U.S. mail and/or other means and should be allowed to opt in to this proceeding for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, attorney fees and costs under the FLSA.

29.     Further, as Plaintiff and the Collective Members are all subject to a common payroll policy, plan and practice, resolution of this action can be accomplished through representative testimony utilizing common facts applicable to all.

30.     The specific job titles or precise job requirements of the Collective Members do not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VII.

## FLSA VIOLATIONS

31.     Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a work week.

32.     Defendant has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its workers, like Plaintiff and the Collective Members, overtime as required by the FLSA.

33.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to either commence paying overtime or to retroactively pay overtime as required by §207, for the period of three years before commencement of this action to the present.

34.     Defendant's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of the FLSA.

35.     Defendant's failure to comply with FLSA overtime protections caused Plaintiff and the Collective Members to suffer loss of wages and interest thereon.

36.     Plaintiff and the Collective Members are entitled to unpaid overtime, liquidated damages, attorney fees, costs and interest under the FLSA.

## VIII.

## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby requests trial by jury on all issues herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1)      For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest

opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2)    For an Order finding Defendant liable for unpaid back wages due Plaintiff and Collective Members who have joined in the suit and for liquidated damages equal in amount to the unpaid compensation found due under the FLSA;

3)    For an Order awarding cost of this action as provided under the FLSA;

4)    For an Order awarding attorneys' fees as provided under the FLSA;

5)    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

6)    For an Order granting such other and further relief as may be necessary and appropriate.

Dated:  December 12, 2022        Respectfully Submitted:

By: /s/ Philip Bohrer
      Philip Bohrer  (La. Bar. #14089)
      phil@bohrerbrady.com
      Scott E. Brady (La. Bar #24976)
      scott@bohrerbrady.com
      BOHRER BRADY, LLC
      8712 Jefferson Highway, Suite B
      Baton Rouge, Louisiana  70809
      Telephone: (225) 925-5297
      Facsimile: (225) 231-7000